UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 26, 2015

LETTER TO COUNSEL

      RE:    *Alberta Applewhite Gerald v. Commissioner, Social Security Administration*;
             Civil No. SAG-15-134

Dear Counsel:

On January 15, 2015, Plaintiff Alberta Applewhite Gerald petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 16, 20). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Ms. Gerald's motion, grant the Commissioner's motion, and affirm the judgment of the Commissioner pursuant to 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Gerald filed her claims for benefits on October 12, 2011, alleging disability beginning August 22, 2011. (Tr. 176, 190). Her claims were denied initially and on reconsideration. (Tr. 150-203, 206-10). A hearing was held on September 18, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 37-70). Following the hearing, the ALJ determined that Ms. Gerald was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 17-36). The Appeals Council denied Ms. Gerald's request for review, (Tr. 1-7), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that, during the relevant period, Ms. Gerald suffered from the severe impairments of arthritis, cervical and lumbar spondylosis, cervical degenerative disc disease, osteoporosis, diabetes mellitus, somatoform disorder, black-outs, dementia, depression, and anxiety, with a history of past narcotics addiction and withdrawal. (Tr. 22). Despite these impairments, the ALJ determined that Ms. Gerald retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she cannot perform work that requires the climbing of ladders, ropes, or scaffolds; nor more than frequent climbing of ramps and stairs, crawling, crouching, kneeling, stooping, and balancing, but is further limited to work that is simple as defined in the DOT as SVP levels 1 and 2, routine repetitive tasks in a work environment free of fast paced production requirements which is defined as

> constant activity with work tasks performed sequentially in rapid succession; and no more than occasional interaction with the general public and coworkers.

(Tr. 24). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Gerald could perform work existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 30-31).

Ms. Gerald raises three arguments on appeal: (1) that the ALJ erroneously assigned too much weight to the opinions of non-examining physicians and to the opinion of a medical layman; (2) that the ALJ's decision ran afoul of the United States Court of Appeals for the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015); and (3) that the Appeals Council ("AC") should have found records pertaining to Ms. Gerald's shoulder impairment to constitute new and material evidence. Each argument fails to warrant remand, and is addressed below.

First, Ms. Gerald complains that the ALJ cannot give "controlling or great weight" to the opinions of non-examining State agency psychologists. Pl. Mot. 6. In fact, the ALJ only gave "moderate weight" to the opinions of the non-examining doctors. (Tr. 28). Although additional evidence was added to the file after those doctors completed their review, the existence of that additional evidence does not render the opinions of those medical experts any less valid as of the time the opinions were issued. The assignments of "moderate weight" were therefore supported by substantial evidence.

Ms. Gerald is correct, however, that the ALJ assigned excessive weight to the "case analysis" completed by James Lentini. Pl. Mot. 6-7. The record does not reflect whether Mr. Lentini has any medical training at all, or is simply a non-medical agency employee. Thus, the assignment of "great weight" to Mr. Lentini's evaluation is erroneous. However, the error is harmless in light of the other substantial medical evidence supporting the ALJ's conclusion. Specifically, the ALJ justifiably relied upon the opinions of the non-examining State agency consultants and the consultative examination by Dr. Taller to support the RFC assessment. (Tr. 28-29). Importantly, this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In light of the evidence providing a basis for the ALJ's determination, remand is unwarranted.

Second, Ms. Gerald contends that the ALJ's RFC assessment did not comport with the Fourth Circuit's ruling in *Mascio.* Pl. Mot. 7-9. Pertinent to this case, the Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE - and the corresponding RFC assessment - did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace.[1] *Mascio*, 780 F.3d at

---

[1] The hypothetical that the ALJ posed to the VE in *Mascio* did not actually limit the claimant to unskilled work, and thus did not match the ALJ's RFC assessment. However, the VE indicated that all of the jobs cited in response to the hypothetical involved "unskilled work" such that, in effect, the hypothetical matched the ALJ's RFC assessment.

637–38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). Even so, the Fourth Circuit noted that failure to include additional limitations might not constitute error when an ALJ offers an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC. *Id.* Under this framework, I find that the ALJ provided adequate explanation of how Ms. Gerald's RFC assessment accounts for her moderate limitation in concentration, persistence, or pace.

While not a model of clarity, the ALJ's opinion deeming Ms. Gerald to have "moderate difficulties" with concentration, persistence, or pace includes both an explanation for finding her to suffer from difficulties ("difficulties remembering things") and an explanation supporting her remaining functional abilities ("she can read, do chores, take her medications, watch television, and take public transportation"). (Tr. 24). Moreover, unlike in *Mascio*, the ALJ included a specific limitation in the RFC assessment, other than just simple or unskilled work, to address Ms. Gerald's problems with focus and concentration. In this case, the ALJ required "repetitive tasks in a work environment free of fast paced production requirements which is defined as constant activity with work tasks performed sequentially in rapid succession," which clearly addresses the perceived concentration issue in terms of pace and memory. (Tr. 24). Thus, I find Ms. Gerald's case distinguishable from *Mascio,* and remand is not required.

Finally, Ms. Gerald contends that the AC erroneously declined to remand the case for new and material evidence. Pl. Mot. 9-10. The AC is required to consider additional evidence submitted by a claimant only where it is (1) new, (2) material, and (3) relates to the period on or before the date of the ALJ hearing decision. 20 C.F.R. §§ 404.970(b); 416.1470(b). Evidence is new where "it is not duplicative or cumulative[,]" and is material where there is "a reasonable possibility that the new evidence would have changed the outcome." *Meyer v. Astrue*, 662 F.3d 700, 705 (4th Cir. 2011) (quoting *Wilkins v. Sec'y, Dep't of Health & Human Servs*., 953 F.2d 93, 96 (4th Cir. 1991) (*en banc*)). Moreover, "[m]aterial evidence is evidence that relates to the claimant's condition for the time period for which benefits were denied, and not to after-acquired conditions or post-decision deterioration of a pre-existing condition." *Eidoen v. Apfel*, 221 F.3d 1342 (8th Cir. 2000). Ms. Gerald presented additional evidence to the AC demonstrating that just 32 days after the ALJ's decision, an MRI demonstrated that she had a torn labrum, and she underwent subsequent treatment for that condition. (Tr. 144). She argues, then, that those records are relevant to her episodes of shoulder pain preceding the ALJ's decision. "[T]he regulatory scheme does not require the [AC] to do anything more than ... 'consider new and material evidence ... in deciding whether to grant review.'" *Meyer v. Astrue*, 662 F.3d 700, 706 (4th Cir. 2011). The AC is not required to take any specific action in response to new and material evidence, and is not required to provide a detailed explanation of its evaluation where it denies review. *Id*. In this case, the AC decision specified that it had considered the MRI results and other medical records submitted by Ms. Gerald's counsel, but found that the records

pertained to "a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before September 27, 2013." (Tr. 2).

I find no reason to overturn the AC's decision that the MRI results and subsequent records did not constitute new and material evidence. While Ms. Gerald is correct to note that the ALJ did not expressly determine her shoulder pain to be a severe or non-severe impairment at step two, the ALJ fully considered her shoulder pain and related medical records in determining her RFC assessment. Specifically, the ALJ recognized her complaints of constant shoulder pain (Tr. 26), noted that in May, 2013, she had "decent ranges of motion to all rotator cuff ranges with only mild limitation in internal rotation" (Tr. 27), and noted that after 22 sessions of physical therapy, as of July, 2013, she had "full ranges of motion in her shoulders." *Id.* Moreover, the ALJ gave significant weight to the opinion of Dr. Cohen, who performed a physical consultative examination in January, 2012 and found Ms. Gerald's ability to lift and carry items to be within normal limits. (Tr. 28). Given the evidence that Ms. Gerald had no meaningful functional limitations pertaining to her shoulder during the relevant time period prior to the ALJ's September 27, 2013 opinion (especially having full range of motion as recently as July, 2013), I cannot determine that the AC's evaluation was erroneous.

For the reasons set forth herein, Ms. Gerald's Motion for Summary Judgment (ECF No. 16) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 20) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge